AMERICAN OPTICAL CO. v. NEW JERSEY OPTICAL CO.

No. 1583.

District Court, D. Massachusetts.

June 19, 1946.

See also 58 F.Supp. 601.

Brooks Potter, John L. Hall, Richard Wait and Marcien Jenckes (all of the firm of Choate, Hall & Stewart), and Hector M. Holmes, all of Boston, Mass., for plaintiff.

Charles B. Rugg, John M. Russell, Edward B. Hanify (all of Ropes, Gray, Best, Coolidge & Rugg), all of Boston, Mass., and Daniel V. Mahoney and Morris D. Jackson, both of New York City, for defendant.

SWEENEY, District Judge.

The plaintiff has filed, under Federal Rules of Civil Procedure, rule 34, 28 U.S. C.A. following section 723c, a motion for an order requiring the defendant to produce for inspection, copying and photographing, a list of 10 groupings of documents. I will adopt the enumeration in their motion.

Objections to items 3, 4, 6, 7, 8 and 10 are sustained. Objections to items 1, 2, 5, and 9 are overruled. The basis of this decision is that such inspections as are allowed should be sufficient for the plaintiff's legitimate purpose. To have allowed all of the items would have admitted too much duplication of results and possible unjust harassment.

The defendant has called for the production, for inspection, copying or photographing, of some 118 items. Objections to these are grouped into three categories. The objections to items 1 through 113 are overruled. It appears that the defendant has not the original documents, and the fact that he has what he thinks may prove

to be copies of the original papers called for, is not good argument why these objections should be sustained but, rather, argues that the comparison should be made to establish whether or not they are real copies. I am satisfied that the parties can find a much shorter cut to establish this matter should they desire to so do. The objection to item 115 is unnecessary to pass upon since the defendant is going to compile a record of the royalties paid from its own books, and ask the plaintiff to agree that such a statement is correct. If they cannot come to agreement on this matter I reserve the right to pass further upon this item. The objection to item 117 is overruled, the new affidavit of counsel for the defendant showing the materiality and the purpose of these catalogs.